# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ALEJANDRO J. VILLALPANDO ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 05-1365 |
| ) | |
| RICK V. VEACH, Warden ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Petitioner Alejandro J. Villalpando ("Villalpando"). For the following reasons, the Petition is DISMISSED.

## BACKGROUND

On January 12, 2000, a four count superceding indictment was filed against Villalpando in the Southern District of Iowa. The indictment charged Villalpando with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, and two counts of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. 922(g)(1).

On June 5, 2000, a jury found Villalpando guilty on counts 1, 3, and 4. Villalpando was acquitted on Count 2. Villalpando filed a motion for new trial and a motion for judgment of acquittal on Count 4. On December 12, 2000, the district court denied Villalpando's motion for judgment of acquittal on Count 4 but granted the motion for new trial on counts 1, 3, and 4 due

to concerns about the general quality of trial counsel's representation of Villalpando. The Government appealed in *United States v. Villalpando,* 259 F.3d 934 (8th Cir. 2001). The Eighth Circuit agreed that Villalpando was entitled to a new trial on Count 1, but disagreed that he was entitled to a new trial on Counts 3 and 4. Therefore, the court affirmed the district court's order granting Villalpando a new trial on Count 1, reversed the granting of a new trial on Counts 3 and 4, and directed the district court to enter a judgment of conviction for those counts.

On October 11, 2001, a one count superceding indictment was filed in the Southern District of Iowa charging Villalpando with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Villalpando went to trial on Count 1 of the second superceding indictment and the jury found him guilty. On January 17, 20002, Villalpando was sentenced to 235 months imprisonment on Count 1 and 120 months imprisonment on Counts 3 and 4 to run concurrently. Villalpando appealed and the Eighth Circuit affirmed his conviction. *See United States v. Villalpando,* 44 Fed. Appx. 62 (8th Cir. 2002).

On November 14, 2003, Villalpando filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Villalpando argued that he was denied the effective assistance of counsel because his attorney failed to (1) properly cross-examine witnesses; (2) investigate and/or object to the admission of certain evidence; (3) object to or appeal the district court's erroneous calculation as to the amount of drugs attributable to him; (4) move for dismissal of the indictment; (5) make Villalpando aware of the potential perils of testifying; (6) argue that the district court's factual findings were insufficient to support an obstruction of justice enhancement; and (7) challenge or appeal his firearms conviction or sentence. Villalpando's §2255 motion was denied on August 6, 2004 and the district court denied

Villalpando's Motion for a Certificate of Appealability on August 24, 2004. The Eighth Circuit denied a similar request on September 15, 2004.

Villalpando has now brought the instant case pursuant to 28 U.S.C. § 2241. Villalpando argues that (1) the government failed to establish the existence of a conspiracy; (2) the government violated his sixth amendment right to confront witnesses because it did not call certain individuals at trial to verify the testimony of other government witnesses; (3) the court hindered his ability to present his defense because they would not let him inform the jury that he had been vindicated of the charges in the first trial so that he could point out inconsistencies in the testimony of government witnesses between the two trials; (4) his sixth amendment rights were violated because the drug quantity under which he was sentenced was based on a judicial determination and not found by a jury as required by *Apprendi v. New Jersey,* 520 U.S. 466 (2000); and (5) his fifth amendment right to due process was violated because the second superceding indictment violated the statute of limitations. Villalpando asks this Court to release him from custody.

The Government filed a response to Villalpando's § 2241 petition and Villalpando filed a timely traverse. Accordingly, as the issues are now fully briefed, this Order follows.

## DISCUSSION

No matter how it is styled, this Petition involves a collateral attack on Villalpando's conviction and sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255. However, Villalpando previously pursued § 2255 relief and is now barred from pursuing further relief under that section absent an order from the Court of Appeals authorizing him to file a second or successive motion. 28 U.S.C. § 2255; *In re Davenport*, 147 F.3d 605, 610–11 (7th Cir. 1998). "[I]n the overwhelming majority of cases § 2255 specifically prohibits prisoners

3

from circumventing § 2255 and challenging their convictions or sentences through a habeas petition under § 2241." *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). However, there is a "savings clause" which may apply in a narrow class of cases to allow prisoners to bring their claims in § 2241 petitions if they can demonstrate that the remedy provided in § 2255 was either "inadequate or ineffective to test the legality of his detention." *Id.*, *citing* 28 U.S.C. § 2255, ¶5; *see also, In re Davenport*, 147 F.3d at 611–12. Villalpando argues that his case qualifies as one of the few instances in which petitioners may seek relief under § 2241.

In *In re Davenport*, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.* at 611. To be allowed to proceed, three conditions must be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. *Id.* at 611–12.

Villalpando argues that he is entitled to relief because (1) the government failed to establish the existence of a conspiracy; (2) the government violated his sixth amendment right to confront witnesses because it did not call certain individuals at trial to verify the testimony of other government witnesses; (3) the court hindered his ability to present his defense because they would not let him inform the jury that he had been vindicated of the charges in the first trial so that he could point out inconsistencies in the testimony of government witnesses between the two trials; (4) his sixth amendment rights were violated because the drug quantity under which he was sentenced was based on a judicial determination and not found by a jury as required by

4

*Apprendi v. New Jersey,* 520 U.S. 466 (2000); and (5) the government violated his fifth amendment right to due process because the second superceding indictment violated the statute of limitations. According to *In re Davenport*, Villalpando is only entitled to relief under 28 U.S.C. § 2241 if he did not have an opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence on one of these issues because the law changed after his first § 2255 motion. Villalpando has not made any such argument with respect these claims. Because Villalpando had a reasonable opportunity to obtain earlier judicial correction of these defects in his conviction or sentence, § 2255 was not inadequate or ineffective and Villalpando is not entitled to relief under 28 U.S.C. § 2241.

Finally, to the extent that Villalpando appears to rely on the decision in *Apprendi* for relief, this decision does not provide him with any relief because Villalpando was sentenced after *Apprendi* was decided. Therefore, if Villalpando believed that he was sentenced in violation of *Apprendi,* he could have obtained judicial review of this claim through direct appeal or in his initial § 2255 petition. In sum, Villalpando's Petition has no merit because it is merely an improper attempt to avoid the procedural limitations attendant to motions brought under § 2255.

## CONCLUSION

For the above reasons, Villalpando's Petition for Writ of Habeas Corpus [#1] is DISMISSED for lack of jurisdiction. This matter is now TERMINATED.

ENTERED this 10th day of March, 2006.

                                                                                                                           s/Michael M. Mihm
                                                                                                                            Michael M. Mihm
                                                                                                                           United States District Judge